Case 1:90-cr-00065-JRN   Document 135   Filed 04/07/92   Page 1 of 5

AO 245 S (Rev. 4/10)(W.D.Tx. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of Texas

FILED
APR 7  3 42 PM '92
U.S. ... OFFICE
BY _____
DEPUTY

UNITED STATES OF AMERICA

v.

Case Number: A-90-CR-65(1)
USAO Number: 89-04476

DAVID C. BROWN
Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, DAVID C. BROWN, was represented by Gary Cohen.

On motion of the United States the court has dismissed counts 1, 2, S1, S3, S4, S6, S7, SS1, SS2, SS3 and SS4.

The defendant pled guilty to counts S2 and S5 of the superseding indictment at rearraignment on March 27, 1991. Accordingly, the defendant is adjudged guilty of such counts, involving the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) | POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA | 04/27/90 | S2 |
| 18:1956(a)(1)(B)(i) AND 18:2 | MONEY LAUNDERING AND AIDING AND ABETTING | 06/14/89 | S5 |

As pronounced on APRIL 7, 1992, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a total special assessment of $ 100.00, for counts S2 and S5 of the superseding indictment, which shall be due immediately. Said special assessment shall be made to the Clerk, United States District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 7th day of April, 1992.

JAMES R. NOWLIN
UNITED STATES DISTRICT COURT

Defendant's SSN: 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
Defendant's Date of Birth: 05/12/52
Defendant's address: c/o HAYS COUNTY JAIL, 1307 Old Uhland Road, San Marcos, Texas 78666

AO 245 S (Rev. 4/91)(W.D.Tx. Rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 5

Defendant: DAVID C. BROWN
Case Number: A-90-CR-65(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of NINETY SIX (96) MONTHS.

Count S2 - 96 Months
Count S5 - 96 Months

IT IS FURTHER ORDERED that the period of imprisonment imposed on Count S5 shall run concurrently to the period of imprisonment imposed on Count S2.

The Court makes the following recommendations to the Bureau of Prisons: that the defendant receive such counselling and treatment as required for substance abuse during the period of confinement. Further, the Court recommends that the defendant be designated to FPC EGLIN, Eglin Air Force Base, Florida.

The defendant is continued in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
      Deputy Marshal

Case 1:90-cr-00065-JRN   Document 135   Filed 04/07/92   Page 3 of 5

AO 245 S (Rev. 10/90)(W.D.TX. rev.) Sheet 3 - Supervised Release

Defendant: DAVID C. BROWN  
Case Number: A-90-CR-65(1)

Judgment—Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FOUR (4) YEARS**.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

**x**  If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

**x**  If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

**x**  The defendant shall neither own nor possess a firearm or destructive device.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:90-cr-00065-JRN   Document 135   Filed 04/07/92   Page 4 of 5

AO 245 S (Rev. 4/91)(W.D.Tx. rev.) Sheet 5 - Fine

Defendant: DAVID C. BROWN
Case Number: A-90-CR-65(1)

Judgment--Page 4 of 5

## FINE

The defendant shall pay a fine of $2,500.00 on Count S2. This fine includes any costs of incarceration and supervision.

The Court has determined that the defendant does not have the ability to pay interest, and it is accordingly ordered that the interest requirement is waived.

This fine shall be paid to the Clerk, United States District Court, at the direction of the United States Probation Office.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

AO 245 S (Rev. 4/91)(W.D.Tx. rev.) Sheet 7 - Statement of Reasons

Judgment--Page 5 of 5

Defendant: DAVID C. BROWN
Case Number: A-90-CR-65(1)

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**
Total Offense Level:                34
Criminal History Category:          I
Imprisonment Range:                 151 months to 188 months
Supervised Release Range:           3 to 5 years
Fine Range:                         $ 17,500 to $ 2,000,000
Restitution:                        $ N/A

The fine is below the guideline range because of the defendant's inability to pay.

The sentence departs from the guideline range upon motion of the government, as a result of defendant's substantial assistance.